J-S19045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| JAMES R. TURNER, JR. | : |
| | : |
| Appellant | : No. 1405 WDA 2025 |

Appeal from the PCRA Order Entered October 2, 2025
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001944-2014

BEFORE:   SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED:  August 4, 2026**

Appellant James R. Turner, Jr. appeals from the order entered by the Court of Common Pleas of Beaver County denying Appellant's fourth petition pursuant to the Post Conviction Relief Act (PCRA)[1] as untimely filed.  After careful review, we affirm.

Appellant was charged with criminal homicide in connection with the August 2014 stabbing death of his girlfriend, Patricia Thompson ("the victim"). During Appellant's trial, the prosecution presented the testimony of pathologist James Smith, M.D., who performed the victim's autopsy.  The prosecution also admitted Dr. Smith's autopsy report which revealed that the victim sustained multiple stab wounds, including multiple wounds to the neck

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

and one in her back, as well as injuries from blunt force trauma. Notes of Testimony (N.T.), 2/10/26, 99-161.

On February 12, 2016, a jury convicted Appellant of third-degree murder. On March 3, 2016, the trial court sentenced Appellant to twenty (20) to forty (40) years' imprisonment. After the trial court denied Appellant's post-sentence motion, Appellant's counsel filed a timely notice of appeal, which Appellant later withdrew on December 9, 2016.

After Appellant filed his first PCRA petition in 2017, Appellant was provided counsel who filed a supplemental petition which raised various challenges to the effectiveness of trial counsel. The PCRA court held hearings on Appellant's petition, but ultimately denied the petition on January 30, 2018. This Court affirmed the denial of Appellant's first petition on March 11, 2019. *See Commonwealth v. Turner*, 215 A.3d 633, 294 WDA 2018 (Pa. Super. March 11, 2019) (unpublished memorandum). Appellant subsequently filed additional PCRA petitions that were dismissed as untimely.

On May 15, 2025, Appellant filed a motion seeking to obtain the coroner's report regarding the victim's death. On May 28, 2025, the PCRA court deemed this motion to be Appellant's fourth PCRA petition and noted its intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907.

On June 16, 2025, Appellant filed a motion to object to the PCRA court's Rule 907 notice. On July 1, 2025, Appellant filed a motion to amend the instant PCRA petition. On July 7, 2025, Appellant filed a petition for appointed counsel. On the same day, the PCRA court denied Appellant's request for

counsel but granted him In Forma Pauperis (IFP) status.  The PCRA court also issued an order granting Appellant permission to file an amended petition.

On August 1, 2025, Appellant filed an amended "PCRA request for Undisclosed Coroner's Investigation Report."  On September 2, 2025, the PCRA court issued a Renewed Rule 907 order, giving Appellant twenty-one days to respond. Order, 9/13/25, at 13.  Rule 907 requires a PCRA court to give the petitioner twenty days to respond to the PCRA court's notice of intent to dismiss a PCRA petition.  Pa.R.Crim.P. 907(1).

On September 24, 2025, the PCRA court entered an order dismissing the petition.  However, on September 25, 2025, the PCRA court received Appellant's response to its Renewed Rule 907 notice.   Appellant's response to the Renewed Rule 907 notice is dated September 21, 2025 and contains a stamp from prison authorities with a date of September 21, 2025.  The record contains proof that Appellant's response was mailed September 22, 2025.  As such, Appellant's response to the Renewed Rule 907 notice was timely filed under the prisoner mailbox rule.  *See* Pa.R.A.P. 121(f); ***Commonwealth v. Jones***, 700 A.2d 423 (Pa. 1997) (a *pro se* prisoner's appeal is deemed filed as of the date the appeal is delivered to prison authorities for mailing).

On October 2, 2025, the PCRA court issued another order dismissing the instant petition after considering Appellant's response to its Renewed Rule 907 notice.[2]  On October 3, 2025, Appellant filed this timely appeal.

As a preliminary matter, we must determine whether the trial court correctly found that the instant petition is untimely.  It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citations omitted).  Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final."  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or

---

[2] This Court has held that a PCRA court's compliance with Rule 907 is mandatory.  *See Commonwealth v. Wooden*, 215 A.3d 997, 1001 (Pa. Super. 2019).  Given that the PCRA court prematurely dismissed Appellant's instant petition on September 24, 2025 before it had received Appellant's timely filed response to its Rule 907 notice, the trial court properly issued a final dismissal order on October 2, 2025 after considering Appellant's response.  We have amended the caption accordingly.

(3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, the trial court entered the judgment of sentence on March 3, 2016. Appellant's judgment of sentence became final on December 9, 2016, when he discontinued his direct appeal. *See Commonwealth v. Woolstrum*, 271 A.3d 512, 514 (Pa. Super. 2022) (citation omitted) ("[w]hen an appellant voluntarily withdraws his direct appeal, his judgment of sentence becomes final on the date of the withdrawal"). As such, Appellant had until December 9, 2017 to file a timely PCRA petition. As such, the instant petition, filed on May 15, 2025, is facially untimely.

In his "PCRA request for Undisclosed Coroner's Investigation Report," Appellant asserts that he is entitled to the application of the governmental interference exception to the PCRA timeliness requirements as he alleges that the Commonwealth committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to turn over the entirety of its files, more specifically, the coroner's preliminary investigative report.

The Supreme Court of the United States held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Commonwealth v. Koehler*, 36 A.3d 121, 133 (Pa. 2012) (quoting *Brady*, 373 U.S. at 87).

- 5 -

To the extent that Appellant suggests that his mere allegation of a *Brady* violation satisfies the PCRA governmental interference timeliness exception, he is not entitled to relief. Our Supreme Court has recognized that:

> [a]lthough a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. [*Commonwealth v.*] *Breakiron,* [781 A.2d 94,] 98 [(Pa. 2001)]. Section 9545(b)(1)(ii)'s exception requires the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. *Commonwealth v. Lambert,* 584 Pa. 461, 884 A.2d 848, 852 (2005). In [*Commonwealth v.*] *Bennett,* [930 A.2d 1264, 1270-72 (Pa. 2007)], we clarified that § 9[545](b)(1)(ii)'s exception does not contain the same requirements as a *Brady* claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Bennett,* at 1271 (quoting *Lambert,* at 852).

*Commonwealth v Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

We agree with the PCRA court that Appellant has not shown he is entitled to invoke this PCRA timeliness exception. Appellant does not allege or show how he was prevented from requesting discovery of the coroner's preliminary investigative report by governmental interference. Further, Appellant provides no explanation as to why he did not seek to obtain the coroner's report before trial, during trial, or in the nine-year period after he was sentenced in this case. Appellant has failed to show that this information could not have been obtained earlier with the exercise of due diligence.

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition to avoid the PCRA time bar. ***Commonwealth v. Beasley***, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). As Appellant has not proven that one of the PCRA timeliness exceptions applies to his petition, we have no jurisdiction to further consider Appellant's petition.

Further, we also note that Appellant's allegations in the instant PCRA petition are waived as they could have been included in any of his three prior PCRA petitions. ***See*** 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/4/2026